FILED

2005 Mar-29  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

WILLIAM KEITH DILLARD, as the
Personal Representative and Administrator of the Estate of
RICHARD ALAN DILLARD, deceased;
KEVIN RAY COSBY, as the Personal
Representative and Administrator of the
Estate of KAREN COSBY DILLARD,
deceased; KEVIN RAY COSBY, as the
Personal Representative and
Administrator of the Estate of JESSIE
LEE COSBY, deceased; and SARA
ELIZABETH DILLARD, a minor, by
and through her Uncle and Next Friend,
KEVIN RAY COSBY,

       Plaintiffs,

       vs.                       CIVIL ACTION NO. CV 05-J-394-J

COOPER TIRE & RUBBER
COMPANY; and KEVIN WILLIAMS,
as Administrator of the Estate of Elio
Lopez Velasquez, deceased,

       Defendants.

## MEMORANDUM OPINION and ORDER

Pending before the court is plaintiffs' motion for remand filed on March 10,

2005 (doc. 7). Defendant Cooper Tire & Rubber Company ("Cooper Tire") filed

an opposition to the motion to remand (doc. 12) while defendant Kevin Williams

joined in the plaintiffs' motion (doc. 14). The plaintiffs thereafter filed a rebuttal

to Cooper Tire's opposition to motion to remand (doc. 17). This being the day set

for hearing on the plaintiffs' motion to remand, the parties were present by and through their respective counsel of record, and the court heard arguments.

On February 22, 2005, defendant Cooper Tire removed this action from the Circuit Court of Marion County, Alabama, asserting that the court has jurisdiction under 28 U.S.C. § 1332 and 1441. Having considered the arguments of counsel, the relevant law, and the parties' evidentiary submissions, the court finds that the plaintiffs' motion to remand is due to be granted.

## I. Factual and Procedural Background

The present action, filed on January 25, 2005 in the Circuit Court of Marion County, Alabama, arises from a May 30, 2004 automobile accident in which a vehicle operated by Elio Lopez Velasquez[1] collided with a vehicle driven by Richard Alan Dillard. Complaint, ¶ 1. Karen Cosby Dillard, Jessie Lee Cosby, and Sara Elizabeth Dillard were passengers in Richard Dillard's vehicle. Id., ¶¶ 1-2. All of the occupants of both automobiles, except for Sara Dillard, a minor, were

---

[1] Defendant Cooper Tire states that there is a dispute as to the surname of Elio Lopez Velasquez. In the evidentiary submissions, the court notes that two different names appear, some items list the driver as Elio Lopez Velasquez, and others list the driver as Elio Velasquez Lopez. The confusion over the exact surname appears to derive from the fact that a person born into a Spanish family, such as the case for the deceased in question, who was from Guatemala, is given a first name followed by two surnames, the first being the father's family name, followed by the mother's family name. While the title of the car and a passport lists Elio Velasquez Lopez, the accident report and death certificate list Elio Lopez Velasquez. The Marion County, Alabama probate judge relied upon the Alabama death certificate in making a determination of the name of the deceased defendant driver when issuing the letters of administration. The court notes documents completed by the deceased follow the Spanish tradition of "father's last name" followed by "mother's last name" while documents completed by Americans, such as the accident report and death certificate, follow the American tradition of the father's last name being used. Both formats are correct.

killed as a result of the above accident. *Id*. In addition to suing the Velasquez

Estate,[2] the plaintiffs sued Cooper Tire, the maker of the tires that were on

Velasquez's car, alleging the tire company's liability based on various theories of

negligence, products liability, and failure to warn of alleged defects.  Complaint, ¶¶

9-16.

In its notice of removal, defendant Cooper Tire alleges that this court has

jurisdiction because the complaint sets forth claims against diverse parties and the

amount in controversy is greater than $75,000.  Notice of Removal at ¶¶ 6-11.

Additionally, defendant Cooper Tire alleges that the consent of co-defendant

Williams, who represents the Velasquez Estate, is not required because said

defendant is either a nominal party or fraudulently joined to the current suit. Notice

of Removal at ¶¶ 12-22.

## II. Remand Standard and Fraudulent Joinder

A defendant removing an action to federal court has the burden of

establishing federal jurisdiction.  *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th

Cir.1996).  A federal district court may exercise jurisdiction over cases involving

citizens of different states where the amount in controversy, exclusive of interest

and costs, exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  "Diversity jurisdiction

under 28 U.S.C. § 1332 requires complete diversity-every plaintiff must be diverse

from every defendant." *Morgan v. The Estate of Cook*, 180 F.Supp.2d 1301, 1303

---

[2]The Velasquez Estate was established upon the petition of the plaintiffs in this case.

(M.D. Ala. 2001), *citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996).  Additionally, 28 U.S.C. § 1446(a) requires that each and every defendant must join in the removal from state to federal court.  *Russell Corp. v. Amer. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir.2001).  However, the courts have long recognized an important exception to the above rules for circumstances where a party is alleged to be either a nominal party[3] or has been fraudulently joined to a suit in order to defeat diversity jurisdiction.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287-88 (11th Cir.1998).

However, a defendant bears a "heavy" burden in proving that the joinder of a co-defendant is fraudulent. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997).  In examining whether a joinder is fraudulent, the court "should resolve all questions of fact and controlling law in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989).  "The plaintiff need not having a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Morgan*, 180 F.Supp.2d at 1303, citing *Triggs v. John Crump Toyata, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998)(emphasis in the original).

---

[3]According to *GMFS, LLC v. Bounds,* 275 F.Supp.2d 1350, 1353 (S.D.Ala.2003), a nominal party is "a party who, having some interest in the subject matter of a lawsuit will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects..." Id., citing Black's Law Dictionary 1145 (7th ed.1999).

In *Triggs*, 154 F.3d at 1287-88, the Eleventh Circuit Court of Appeals stated that there are only three situations where fraudulent joinder could be found.  The three varieties are 1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant;[4] 2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts;[5] and 3) when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.[6]

### III. Discussion

In this case, it is undisputed that complete diversity of the parties exists and undisputed that the amount in controversy exceeds $75,000.00.  The only issue before this court is whether defendant Cooper Tire's removal to federal court required the consent of the other defendant, the Velasquez Estate in order to be proper.  Defendant Cooper Tire requests the court to find that co-defendant Williams, who is the administrator of the Velasquez Estate, should be considered either a nominal party or fraudulently joined in this suit and further requests the

---

[4]*See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983, superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993).

[5]*Coker*, 709 F.2d at 1440.

[6]*Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996).

court to find that defendant Williams' consent to defendant Cooper Tire's removal is not required.[7]  Notice of Removal at ¶¶ 12-22.

Defendant Cooper Tire makes three arguments in support of its allegation that the Velasquez Estate is a nominal party and/or has been fraudulently joined to the current suit.  Specifically defendant Cooper Tire argues that (1) the Velasquez Estate was not properly organized and joined in this case because Velasquez was not an inhabitant of Marion County, Alabama and did not leave meaningful assets there, and therefore the Marion County, Alabama probate court did not have the authority to grant letters of administration for Mr. Velasquez; (2) the driver of the vehicle involved in the accident was not named "Elio Lopez Velasquez," but was instead "Elio Velasquez Lopez" and, the Velasquez Estate was therefore not properly organized and joined in this case; and (3) the Velasquez Etate has been improperly or fraudulently joined as a defendant because plaintiffs cannot obtain a judgment or recover against that estate, nor do the plaintiffs have any real intent to pursue any such judgment or recovery. Notice of Removal at ¶ 14.  The court finds each of the defendant Cooper Tire's arguments to be unpersuasive.

With regard to its first argument, defendant Cooper Tire argues that under applicable Alabama law the county probate courts only have authority to grant

---

[7]As stated previously, a nominal party is one who will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects. *GMFS, LLC v. Bounds,* 275 F.Supp.2d 1350, 1353 (S.D.Ala.2003), citing Black's Law Dictionary 1145 (7th ed.1999).  A defendant is nominal when there is no reasonable basis to predict it will be held liable. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir.1993).

letters of administration "on the estates of persons dying intestate" under two general circumstances, those being (1) when the decedent was "an inhabitant" of the county, or (2) when the decedent leaves assets in the county or his assets are brought to the county subsequent to his death. Notice of Removal at ¶ 15, citing §43-2-40, *Code of Alabama 1975*, as amended.  Addressing the facts of this case, defendant Cooper Tire argues that Velasquez was not an inhabitant of Marion County, Alabama, that he did not leave any "meaningful" assets in the county and therefore, the Marion County, Alabama probate court improperly issued letters of administration for the Velasquez Estate. Notice of Removal at ¶ 15.

In response, plaintiffs argue that the issues involved in the probate court's issuance of the letter of administration, i.e. whether or not Elio Velasquez Lopez or Elio Lopez Velasquez was the proper name of the deceased driver, and whether he was an inhabitant of the county or left assets in the county, are moot.  Motion for Remand, pp. 12-17.  Plaintiffs continue that the Marion County, Alabama probate court's findings with respect to Velasquez's inhabitancy, assets, and/or his proper name, as well as the Marion County probate court's issuance of letters of administration, may not be deemed void or avoided by a federal court.  Motion for Remand, p. 14.  During the hearing on the plaintiffs' motion to remand, defendant Cooper Tire conceded that this court cannot change the probate judge's findings.

With regard to defendant Cooper Tire's second argument, the court notes that a dispute exists concerning whether Elio Velasquez Lopez or Elio Lopez

Velasquez was the "proper" name of the driver.  However, the court finds
defendant Cooper Tire's argument that the letters of administration were
mistakenly issued with the wrong or improper name of the deceased to be an
improper collateral challenge on said letters of administration.  As stated above, the
defendant stipulated during the hearing that this court cannot alter the probate
court's determinations in creating an estate.

The court also finds that defendant Cooper Tire's third argument lacks merit.
Cooper Tire argues that there is no possibility that the plaintiff could obtain a
judgment against the Estate of Velasquez because the plaintiffs' claims against the
estate are premised on the erroneous allegation that Elio Lopez Velasquez, not Elio
Velasquez Lopez, was the driver of the vehicle involved in the accident. Notice of
Removal at ¶ 21.  Defendant Cooper Tire adds that the plaintiffs cannot have any
real intention to pursue a judgment against the Velasquez Estate because the
deceased died without any assets of any significant value.

The first portion of this argument goes to the merits of the Marion County,
Alabama state probate court's issuance of the letters of administration, which is
unassailable here. The latter portion of this argument, that the Velasquez Estate
could not pay any judgment or that there is no real intention to seek a judgment,
was found to be without merit in *Triggs v. John Crump Toyota, Inc.*, 154 F.3d
1284, 1291 (11th Cir.1998), which stated that it is of no consequence that a
defendant does not have the assets to pay a judgment or that a defendant is poor.

*Id.,* citing *Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart*, 227 U.S. 184 (1913).

Moreover, the court notes that the test for fraudulent joinder is not whether the plaintiffs may recover from a defendant, but whether the plaintiffs can assert facts which state a potential cause of action against that defendant. *Triggs*, 154 F.3d. at 1287. It is clear from the face of the complaint filed in Circuit Court of Marion County, Alabama that the plaintiffs in this matter have alleged facts which state a potential cause of action, i.e. negligence, against the Velasquez Estate, which satisfies the above test. Therefore, the Estate of Velasquez has not been fraudulently joined by the plaintiffs in this action.

Since the court has found that the defendant Williams, as administrator of the Velasquez Estate, was not fraudulently joined, the consent of the defendant Williams is required pursuant to 28 U.S.C. § 1446(b). *See generally, Russell Corp v. Amer. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir.2001), citing *Chicago R.I.&P. Co. v. Martin*, 178 U.S. 245, 247-248, 20 S.Ct. 854, 44 L.Ed. 1055(1900). *See also Hernandez v. Seminole Co., Fla.*, 334 F.3d 1233, 1236-37 and n. 3 (11th Cir.2003).

In this case, defendant Williams' refusal to consent to removal destroys the court's subject matter jurisdiction. Therefore, plaintiffs' motion for remand is due to be granted.

## IV. Conclusion

The court having considered the foregoing and finding that this case has been improperly removed,

It is therefore **ORDERED** by the court that the plaintiffs' motion for remand is **GRANTED** and this case is **REMANDED** to the Circuit Court of Marion County, Alabama.

**DONE** and **ORDERED** this the 29th day of March, 2005.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

10